JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Sonya Bush Kelly

## DEFENDANTS

Iron Mountain Incorporated and IM Information Management, LLC

(b) County of Residence of First Listed Plaintiff   Montgomery
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Suffolk
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Caren N. Gurmankin, Esquire
Console Law Offices LLC
1525 Locust Street
9th Floor
Philadelphia, PA 19102
(215) 545-7676

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | | | Under Equal Access |
| | Employment | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | | | ☐ 950 Constitutionality of |
| | Other | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | |

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §2000e, et seq. ("Title VII"), 42 U.S.C. §1981, et seq. ("Section 1981")

Brief description of cause:
Plaintiff is alleging sex and race discrimination.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

n/a   (See instructions): JUDGE _____  DOCKET NUMBER _____

DATE
June 24, 2015

SIGNATURE OF ATTORNEY OF RECORD
Caren N. Gurmankin, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**CONSENT TO RECEIVE NOTICE OF ORDERS AND JUDGMENTS IN CIVIL AND
CRIMINAL CASES BY MEANS OF FACSIMILE TRANSMISSION
AND WAIVER OF PROVISIONS OF FED.R.CIV.P. 77(d) OR FED.R. CRIM.P. 49(c)
PROVIDING FOR SAID NOTICE BY MEANS OF MAIL**

TO THE CLERK OF COURT:

I hereby waive the provisions of Fed.R.Civ.P. 77(d) or Fed.R.Crim.P. 49(c) providing for notice of the entry of Orders or Judgments by mail in the manner provided by Fed.R.Civ.P. 5 or Fed.R.Crim.P. 49(c), and consent that notice may be given to me, in all pending and future civil or criminal cases in which I enter my appearance, by the Clerk of Court by facsimile in lieu of notice by means of mail. I understand that this form, when executed, will serve as Notice to and Authorization for the Clerk of Court to keep this information on file for all pending and future civil or criminal cases in which I enter my appearance.

I hereby confirm, by execution of this form, that I understand that it is my responsibility to notify the Clerk of Court, in writing, of my current address and facsimile number.

Caren N. Gurmankin, Esquire
Name (Printed)
Console Law Offices LLC
1525 Locust Street, 9th Floor
Philadelphia, PA 19012
Address (Printed)

205900
Bar Id Number

(215) 545-7676
Telephone Number

Address (Printed)

(215) 565-2853
FAX Number

June 24, 2015
Date

Signature

## UNITED STATES DISTRICT COURT

APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Sonya Bush Kelly, Fort Washington, PA 19034

Address of Defendant: Iron Mountain Incorporated, One Federal Street, Boston, MA 02110

IM Information Management, LLC, 1000 Campus Drive, Collegeville, PA 19426

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?     Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes ☐   No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

**A.** *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

**B.** *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Caren N. Gurmankin, Esquire , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: **June 24, 2015** _____   205900
Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **June 24, 2015** _____   205900
Caren N. Gurmankin, Esquire

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Sonya Bush Kelly | : | CIVIL ACTION |
| | : | |
| v.            Plaintiff, | : | |
| | : | |
| Iron Mountain Inc., et al. | : | NO. |
| Defendant. | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                    ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits                          ( )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                 ( )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                    ( )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.        (X)


| | | |
|---|---|---|
| June 24, 2015 | Caren N. Gurmankin, Esquire | Plaintiff, Sonya Bush Kelly |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| | | |
| (215) 545-7676 | (215) 565-2853 | gurmankin@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SONYA BUSH KELLY**<br>**Fort Washington, PA 19034** | **CIVIL ACTION NO.** |
| **Plaintiff,** | |
| **v.** | |
| **IRON MOUNTAIN INCORPORATED**<br>**One Federal Street**<br>**Boston, MA 02110** | |
| **and** | |
| **IM INFORMATION**<br>**MANAGEMENT, LLC**<br>**1000 Campus Drive**<br>**Collegeville, PA 19426** | |
| | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## COMPLAINT

### I.    INTRODUCTION

Plaintiff, Sonya Bush Kelly, brings this action against her former employers, Iron Mountain Incorporated; and, IM Information Management, LLC ("Defendants").  During her employment with Defendants, Plaintiff was discriminated against because of her race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 ("Section 1981"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.*

("PHRA").  Plaintiff was also discriminated against because of her sex in violation of Title VII and the PHRA.

## II.   **PARTIES**

1.    Plaintiff, Sonya Kelly, is an individual and a citizen of the Commonwealth of Pennsylvania.

2.    Plaintiff is female.

3.    Plaintiff is black.

4.    Defendant, Iron Mountain Incorporated is a Delaware corporation with a principal place of business at One Federal Street, Boston, MA 02110.

5.    Defendant, IM Information Management, LLC, is a limited liability company with headquarters located in Collegeville, PA.

6.    Defendants are engaged in an industry affecting interstate commerce and regularly do business in the Commonwealth of Pennsylvania.

7.    At all times material hereto, Plaintiff worked out of Defendants' location at 36 Great Valley Parkway, Malvern, PA 19355.

8.    At all times material hereto, Defendants employed more than fifteen (15) employees.

9.    At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

10.    At all times material hereto, Defendants acted as employers within the meaning of the statutes which form the basis of this matter.

11.     At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

## III.   JURISDICTION AND VENUE

12.     The causes of action which form the basis of this matter arise under Title VII, Section 1981, and the PHRA.

13.     The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

14.     The District Court has jurisdiction over Count II (Section 1981) pursuant to 28 U.S.C. §1331.

15.     The District Court has supplemental jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. §1367.

16.     Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. §2000(e)-5(f).

17.     On or about February 26, 2014, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination alleged herein.  This Charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC").  Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

18.     On or about April 2, 2015, the EEOC issued to Plaintiff a Notice of Right to Sue for her Charge of Discrimination.  Attached hereto, incorporated

herein and marked as Exhibit "2" is a true and correct copy of the Notice (with personal identifying information redacted).

19.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.     FACTUAL ALLEGATIONS

20.     In or about July 2003, Plaintiff was hired by Defendants.  She was promoted multiple times throughout her employment.  In around 2013, Plaintiff was placed into the position of Customer Development Executive ("CDE").

21.     As of around January 2013, Plaintiff reported directly to David Mielnicki (white, male), Director, Business and Customer Development.  Mr. Mielnicki reported to Adam Stahl (white, male), Vice President, who reported to Andrew Brown (white, male), Senior Vice President, Sales.

22.     At all times material hereto, Plaintiff performed her duties in a highly competent manner.

23.     On or about February 6, 2014, Plaintiff was told that she was being terminated.  She was told that the reason for the same was that she did not have the right skill set, and that she was more of a secretary.

24.     Defendants' demographics evidenced a bias against black and female employees, including, but not limited to:

(a)     Plaintiff and another employee were the only black employees out of Mr. Mielnicki's direct reports, and the only ones who were terminated;

(b)     Defendants retained white and male direct reports to Mr.

4

Mielnicki whose sales rankings were lower than Plaintiff's rankings;

        (c)    Defendants have terminated other black employees while retaining less qualified, and lower-performing, white employees;

        (d)    Upon information and belief, out of the approximately forty seven (47) sales employees in the Northeast region of which Plaintiff was a part, fewer than eight (8), including Plaintiff and Mr. Mielnicki's other black direct report who was terminated at the same time as Plaintiff was, were black;

        (e)    Upon information and belief, out of the approximately five (5) directors who reported to Mr. Stahl, all were male and none were black;

        (f)    Upon information and belief, out of the approximately fourteen (14) Vice Presidents in the sales and account management areas, including Mr. Stahl, only two (2) were female and only one (1) was black;

        (g)    Upon information and belief, of the approximately twenty (20) supervisor-level employees in the operations group in the Northeast region, only about two (2) were black;

        (h)    Upon information and belief, Defendants' executive management team did not include any black employees;

        (i)    Upon information and belief, Defendants' executive team included only one (1) female; and,

        (j)    At around the same of Plaintiff's termination, Defendants transferred about three (3) white employees into Mr. Mielnicki's group.  To the best of Plaintiff's knowledge, at least one (1) of those employees was taking over her responsibilities;

25.     Defendants' comments and conduct evidenced a bias against black and/or female employees.  The same includes, but is not limited to, the following:

(a)     When Mr. Mielnicki took over responsibility for Plaintiff's group, he said that he was going to review each of his employees' accounts and books of business to ensure that everyone had an equitable book of business. He then assigned Plaintiff to handle accounts that were known not to be profitable, while assigning the most lucrative accounts to two (2) of his white and male direct reports;

(b)     When Plaintiff was in meetings with Mr. Mielnicki and one (1) of his male direct reports, Mr. Mielnicki directed Plaintiff to handle more administrative tasks, and the male direct report to handle the higher-level work;

(c)     Mr. Mielnicki was more receptive to his male direct reports than his female direct reports when they raised complaints or concerns;

(d)     When Plaintiff first met Mr. Mielnicki, he told her that, "I have met people like you from broken homes and troubled backgrounds;"

(e)     During that same first discussion that Plaintiff had with Mr. Mielnicki, he told her that, "I know your type;" and,

(f)     Upon information and belief, when Mr. Mielnicki went to client meetings in which both male and female client contacts were in attendance, Mr. Mielnicki immediately assumed that the male was in charge, and, even when he was told that the female contact was in charge, he would still direct comments and questions to the male contact.

26.     Defendants' asserted reason for terminating Plaintiff is pretextual.

6

27.     Plaintiff's race was a motivating and/or determinative factor in Defendants' discriminatory treatment of Plaintiff, including the hostile work environment to which Plaintiff was subjected, and the termination of Plaintiff.

28.     Plaintiff's sex was a motivating and/or determinative factor in Defendants' discriminatory treatment of Plaintiff, including the hostile work environment to which Plaintiff was subjected, and the termination of Plaintiff.

29.     Defendants failed to prevent or address the discriminatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discriminatory conduct.

30.     The discriminatory conduct of Defendants, as alleged herein, was severe and/or pervasive enough to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

31.     As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

32.     Defendants acted with malice and/or reckless indifference to Plaintiff's protected rights.

7

33.     The conduct of Defendants, as set forth above, was outrageous under the circumstances and warrants the imposition of punitive damages against Defendants.

## COUNT I - Title VII

34.     Plaintiff incorporates herein by reference paragraphs 1 through 33 above, as if set forth herein in their entirety.

35.     By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated Title VII.

36.     Said violations were done with malice and/or reckless indifference to Plaintiff's protected rights, and warrant the imposition of punitive damages.

37.     As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

38.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

39.     No previous application has been made for the relief requested herein.

## COUNT II – Section 1981

40.     Plaintiff incorporates herein by reference paragraphs 1 through 39 above, as if set forth herein in their entirety.

41.     By committing the foregoing acts of discrimination against Plaintiff on the basis of Plaintiff's race, Defendants have violated Section 1981.

42.     Said violations were willful and intentional and warrant the imposition of punitive damages.

43.     As a direct and proximate result of Defendants' violation of Section 1981, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

44.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

45.     No previous application has been made for the relief requested herein.

## COUNT III - PHRA

46.     Plaintiff incorporates herein by reference paragraphs 1 through 45 above, as if set forth herein in their entirety.

47.     Defendants, by the above improper and discriminatory acts, has violated the PHRA.

48.     Said violations were intentional and willful.

49.     As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

50.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory acts unless and until the Court grants the relief requested herein.

51.     No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of Title VII;

(b)     declaring the acts and practices complained of herein to be in violation of Section 1981;

(c)     declaring the acts and practices complained of herein to be in violation of the PHRA;

(d)     enjoining and permanently restraining the violations alleged herein;

(e)     entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(f)     awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(g)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

     (h)     awarding punitive damages to Plaintiff under Title VII;

     (i)     awarding punitive damages to Plaintiff under Section 1981;

     (j)     awarding Plaintiff such other damages as are appropriate under Title VII, Section 1981, and the PHRA;

     (k)     awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and,

     (l)     granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE LAW OFFICES LLC**

Dated:  06/24/2015        BY:                                    

Stephen G. Console (36656)
Caren N. Gurmankin (205900)
1525 Locust St., 9th Floor
Philadelphia, PA 19102
(215) 545-7676
(215) 565-2853 (fax)

Attorneys for Plaintiff,
Sonya Bush Kelly

# EXHIBIT "1"

| CHARGE OF DISCRIMINATION | | AGENCY | CHARGE NUMBER |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | | Q FEPA<br>X EEOC | 530-2014-01838 |

| STATE OR LOCAL AGENCY:  PHRC | |

| NAME (Indicate Mr., Ms., Mrs.)<br>Sonya Bush Kelly | HOME TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP<br>Fort Washington, PA 190374 | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one list below)

| NAME<br>Iron Mountain, Incorporated<br>(Additional Respondents listed herein) | NUMBER OF EMPLOYEES,<br>MEMBERS<br>>15 | TELEPHONE (Include Area Code)<br>(617) 535-4766 |
|---|---|---|
| STREET ADDRESS<br>**Charging Party's Work Location**<br>36 Great Valley Parkway<br>Corporate Headquarters<br>745 Atlantic Avenue | CITY, STATE AND ZIP<br><br>Malvern, PA 19355<br><br><br>Boston, MA 02111 | COUNTY<br><br>Chester<br><br><br>COUNTY<br>Suffolk |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>X Race  QColor  X Sex  QReligion  QNational Origin<br>Q Retaliation  Q Age  Q Disability  QOther *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br>*Earliest*          *Latest* 02/06/2014 |
|---|---|

The Particulars Are:

A.    1.    Relevant Work History

I was hired by Respondents on or about July 14, 2003.  As of the date of my termination, I held the position of Customer Development Executive and I reported directly to David Mielnicki (white, male), Director, Business and Customer Development.  I started reporting to Mr. Mielnicki in or around January 2013.  Mr. Mielnicki reported to Adam Stahl (white, male), Vice President, who, in turn, reported to Andrew Brown (white, male), Senior Vice President, Sales.

I consistently demonstrated excellent and dedicated performance during my employment at Respondents.  By way of example only, I was promoted three (3) times during the course of my employment.

| X I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct.<br><br>25. FEB. 14<br>Date:          Charging Party *(Signature)* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

RECEIVED  EEOC<br>PHILADELPHIA D.O.<br>2014 FEB 26 P 4: 15

EEOC Charge of Discrimination
Page 2 of 5
Initials of Charging Party

**Additional Respondents:**

Iron Mountain Information Management, Inc.
745 Atlantic Avenue
Boston, MA 02111

IM Information Management, LLC
1000 Campus Drive
Collegeville, PA 19426

EEOC Charge of Discrimination
Page 3 of 5
Initials of Charging Party –

2.   Harm Summary

I believe that Respondents have discriminated against me because of my race (black) and my sex.  Evidence of Respondents' discriminatory conduct includes, but is not limited to, the following:

a)   On or about February 6, 2014, I was told that I was being terminated, and that the reason for the same was that I did not have the right skill set, and that I was more of a secretary;

b)   Respondents' demographics evidence a bias against black and female employees.  By way of example:

(1)   Arrie Bateman (black) and I were the only two (2) black employees out of Mr. Mielnicki's direct reports, and we were both terminated;

(2)   Respondents retained white direct reports to Mr. Mielnicki whose sales ranking were lower than mine and Mr. Bateman's;

(3)   At around the time of my termination, Respondents transferred three white employees into Mr. Mielnicki's group.  Upon information and belief, at least one (1) of those employees was taking over my responsibilities;

(4)   Respondents have terminated other black employees while retaining less qualified white employees;

(5)   Upon information and belief, out of the approximately forty seven sales employees in the Northeast region, fewer than eight (8), including Mr. Bateman and me, were black;

(6)   Upon information and belief, out of the five (5) directors who report to Mr. Stahl, all are male and none are black;

(7)   Upon information and belief, out of the approximately fourteen (14) Vice Presidents in the sales and account management areas, including Mr. Stahl, only two (2) are female and only one (1) is black;

(8)   Upon information and belief, while there are only about two (2) out of about twenty (20) black supervisor-level employees in the operations group in the Northeast region, approximately eighty (80%) percent of the operations employees below the supervisory level are black;

(9)   Upon information and belief, Respondents' executive management team does not include any black employees; and,

(10)   Upon information and belief, out of ten (10) members of Respondents' executive management team, only one (1) is female.

RECEIVED – EEOC
PHILADELPHIA, D.O.

2014 FEB 26 P 4:15

EEOC Charge of Discrimination
Page 4 of 5
Initials of Charging Party –
c/)

c) Respondents' conduct and comments demonstrated a bias against black and female employees. By way of example:

(1) When Mr. Mielnicki became Director, Business and Customer Development and took over responsibility for my group, he said that he was going to review the accounts and books of business for each of his direct reports to make sure that everyone received an equitable book of business. After his review, I was assigned to handle accounts that were known not to be profitable. When I asked Mr. Mielnicki about my account assignments, his only response was that there was no such thing as a bad book of business;

(2) Upon information and belief, Mr. Mielnicki assigned the most lucrative accounts to Brian Yagely (white, male) and Brian Willard (white, male);

(3) When I first met Mr. Mielnicki, around the time that he took over management of my group, he told me that, "I know your type";

(4) In that same discussion when we first met, Mr. Mielnicki told me that, "I have met people like you from broken homes and troubled backgrounds";

(5) Mr. Mielnicki was much more receptive to his male direct reports than his female direct reports when they raised complaints, or issues that they thought needed to be addressed;

(6) One (1) of my peers told me that when he went to client meetings with Mr. Mielnicki and a woman and a man from the client were in the room, Mr. Mielnicki automatically assumed that the man was in charge. I was further told that, even when Mr. Mielnicki discovered that the woman was in charge, he would still direct comments and questions to the man; and,

(7) When I was in meetings with Mr. Mielnicki and one (1) of his male direct reports, Mr. Mielnicki directed me to handle more administrative tasks, and the male direct report to handle the higher-level work.

B. 1. Respondents' Stated Reasons

(a) Respondents have not provided an explanation for the hostile work environment to which I was subjected; and,

(b) Respondents have not provided a legitimate, non-discriminatory explanation for my termination.

EEOC Charge of Discrimination
Page 5 of 5
Initials of Charging Party –

C.    1.    Statutes and Basis for Allegations

I believe that Respondents have discriminated against me based on my race and my sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e), *et seq.* ("Title VII"), the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 ("Section 1981"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"), as set forth herein.

D.    1.    Class Harm

I bring this charge on a class basis as a result of the pattern and practice of race discrimination existing at Respondents. Accordingly, I file this as a class charge on behalf of all black employees of, and applicants for employment with, Respondents that have been subjected to discrimination in connection with hiring, promotion, compensation, or termination decisions and/or have been subjected to a race-based hostile work environment while employed at Respondents.

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**Sonya Bush Kelly v. Iron Mountain, Incorporated et al.**

EEOC No. 530 - 2014 - 01838

You have the right to file this charge of discrimination with the Pennsylvania Human Relations
Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC
protects your state rights, especially since there may be circumstances in which state and federal laws
and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are
unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be
dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with
your signature under the verification below, will constitute filing with the PHRC. You have chosen
EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept
EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to
file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency,
the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is
required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file
your complaint in state court. PHRC will inform you of these rights and obligations at that time.

[Sign and date appropriate request below]

 X   I want my charge filed with PHRC. I hereby incorporate this form and the verification below into
the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit to
PHRC.

 X    *I understand that false statements in this complaint are made subject to the penalties of 18
Pa.C.S. §4904, relating to unsworn falsification to authorities.*

                    X      25. Feb. 14
                         Signature and Date

____    I do not want my charge dual filed with PHRC

                         _____
                         Signature and Date

RECEIVED - EEOC
PHILADELPHIA.B.O.
14 FEB 26 P 4: 15

# EXHIBIT "2"

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Sonya Kelly | From: | Philadelphia District Office |
| --- | --- | --- | --- |
| | Fort Washington, PA 19034 | | 801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
| --- | --- | --- |
| 530-2014-01838 | **Legal Unit** | **(215) 440-2828** |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_signature_    4/2/15

**Spencer H. Lewis, Jr.,**
**District Director**

(Date Mailed)

Enclosures(s)

cc:
John Roslansky
IRON MOUNTAIN
745 Atlantic Avenue
Boston, MA 02111

Caren N. Gurmankin
CONSOLE LAW OFFICES
1525 Locust Street
9th Floor
Philadelphia, PA 19102